UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SASHA KANSHAW, | : Civil Action No. 18-11758 (JXN) |
| Plaintiff, | : |
| v. | : REPORT & RECOMMENDATION |
| ELIZABETH DESANTIS, *in her individual and official capacities*, et al., | : |
| Defendants. | : |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Sasha Kanshaw ("Plaintiff") to comply with Court orders and prosecute her case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff, who was initially represented by counsel, commenced this action on or about July 18, 2018 against Defendants William Paterson University, Elizabeth DeSantis, Officer Hunter, Sergeant D. Bardi, Corporal Simko, and John and Jane Does 1-10 (collectively, "Defendants"), alleging Defendants violated her Fourth and Fourteenth Amendment rights by: 1) falsely arresting and falsely imprisoning her, and 2) using excessive force against her during an encounter on April 10, 2018.[1] *See* Dkt. No. 1. Plaintiff later filed an Amended Complaint on September 17, 2018 [Dkt. No. 7] which Defendants moved to dismiss on September 27, 2018. *See* Dkt. No. 10. On September 5, 2019, the Honorable John Michael Vazquez, U.S.D.J.,[2] issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. *See* Dkt. Nos. 15 and 16.

---

[1] The individual Defendants were sued in both in their individual and official capacities.
[2] The case was reassigned to the Honorable Julien Xavier Neals, U.S.D.J., on June 30, 2021. [*See* Dkt. No. 49].

Thereafter, the Court entered a Pretrial Scheduling Order in this case on January 15, 2020. *See* Dkt. No. 21. On August 18, 2021, while discovery was ongoing, Plaintiff's counsel moved to withdraw as attorney. *See* Dkt. No. 51. The Undersigned issued an order on August 19, 2021, advising the parties that the motion would be addressed at the conference scheduled for October 14, 2021 and directing "Plaintiff and counsel for all parties" to "appear and participate in the conference." Dkt. No. 52. Plaintiff failed to appear at the first hearing on this motion on November 22, 2021,[3] and again on December 1, 2021, when the Undersigned granted Plaintiff's counsel's motion to withdraw. *See* Dkt. No. 55. In a Letter Order issued that same day, the Undersigned gave Plaintiff until January 31, 2022 to obtain new counsel, or if no counsel appeared and Plaintiff was proceeding *pro se*, to file a notice with the Court of her address and telephone number. *See id.* The Order further directed Plaintiff or Plaintiff's new counsel to appear at a status conference with the Undersigned on February 15, 2022. *See id.*

No new counsel appeared on Plaintiff's behalf by January 31, 2022, nor did Plaintiff notify the Court of her address and telephone number. Plaintiff also failed to appear at the February 15, 2022 telephone conference; as a result, the Undersigned *sua sponte* issued an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to prosecute. *See* Dkt. No. 57. The Order to Show Cause required defense counsel to serve a copy of the Order on Plaintiff by March 22, 2022. *See id.* Defense counsel filed an affidavit on March 22, 2022 detailing the extensive efforts undertaken to identify a valid address for Plaintiff and effectuate service of the Order to Show Cause upon Plaintiff. *See* Dkt. No. 58. After Plaintiff again failed to appear for the Order to Show Cause hearing on April 12, 2022, the Undersigned issued an Order directing Defendants to file by no later than April 18, 2022: "(1) a letter outlining why the Court should recommend

---

[3] The Undersigned had rescheduled the initial hearing from October 14, 2021 to November 22, 2021. *See* Dkt. No. 53.

dismissal of Plaintiff's case; and (2) an updated affidavit detailing the efforts taken to serve a copy of the February 15, 2022 Order to Show Cause [ECF No. 57] on Plaintiff." Dkt. No. 59. Defense counsel complied and filed the requested documents on April 18, 2022. *See* Dkt. No. 60.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits absent substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff, appearing *pro se* in this action as of December 1, 2021, when the Undersigned granted Plaintiff's counsel's

motion to withdraw, is solely responsible for her failure to comply with Court orders and to prosecute her case. By failing to attend multiple conferences, Plaintiff made it impossible to meaningfully participate in this litigation. Moreover, Defendants mailed the OTSC to Plaintiff's last known addresses, yet Plaintiff failed to submit a position paper or appear telephonically for the OTSC hearing on April 12, 2022. By failing to communicate with the Court and failing to appear at the OTSC hearing, Plaintiff has effectively abandoned her case.

     **2. Prejudice to Defendants.** Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendants. Plaintiff initiated this action and has since failed to respond or appear pursuant to any Court orders. Additionally, as certified in Defendants' Affidavit of Good Faith Efforts to Serve Plaintiff [*see* Dkt. No. 58] and Supplemental Affidavit of Good Faith Efforts to Serve Plaintiff [Dkt. No. 60-1], despite numerous attempts by Defendants, Plaintiff is unresponsive to any letter sent to all addresses linked to her name. Plaintiff is either a) no longer at any previous known address and failed to provide a forwarding address and failed to provide notice to the Court or b) is at the locations and willfully ignoring any communications directed towards her from the Defendants. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g.*, *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

     **3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. She has failed to file multiple submissions ordered by the Undersigned, including a position paper responding to the Undersigned's Order to Show Cause, and has failed to appear for telephone conferences with the Court on November 22, 2021, December 1, 2021, February 15, 2022 and April 12, 2022. Accordingly, Plaintiff's inaction in this matter supports dismissal.

     **4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in

bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court orders and has failed to attend scheduled conferences before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

    **5.   Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting her case. No other sanction would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

    **6.   Meritoriousness of the Claims.** Regarding the question of whether Plaintiff's claims have merit, the Undersigned notes that Judge Vazquez allowed some of Plaintiff's claims to proceed in the September 5, 2019 Opinion and Order on Defendants' motion to dismiss. *See* Dkt. Nos. 15 and 16. Thus, for the purposes of the instant motion, the Court will assume that Plaintiff's surviving claims have at least some merit. However, regardless of whether Plaintiff's claims have merit, the parties were still conducting discovery when Plaintiff ceased participating, so the Undersigned will find this factor "neutral" due to the stage of the proceedings. *See Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011).

    In sum, Plaintiff did not appear in response to the Court's Order to make an appearance to show cause why this case should not be dismissed. Plaintiff also failed to attend multiple telephone conferences scheduled by the Court. As such, Plaintiff's repeated failures to participate in this litigation and willful abandonment establish her inability to adequately prosecute this matter.

## CONCLUSION

The Court having considered this matter pursuant to Fed. R. Civ. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **30th day of June, 2022**,

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that defense counsel shall serve a copy of this Order on Plaintiff by hand and by certified mail, return receipt requested, at Plaintiff's last known addresses as set forth in Defendants' updated affidavit [*see* Dkt. No. 60-1].

The parties are advised that they may file an objection within fourteen (14) days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**